FRED L. KNOWLTON, Plaintiff in Review, *vs.* GEORGE C. WING.

Androscoggin.    Opinion February 9, 1911.

*Costs.    Review.    Right to Costs.    Reduction of Judgment.    Revised Statutes, chapter 91, sections 12, 15.*

In the absence of any imposition of terms respecting costs on granting a review, as authorized by Revised Statutes, chapter 91, section 15, the mandatory provision of section 12, of said chapter that, when a sum first recovered is reduced, defendant shall have judgment for the difference with costs on review, governs.

On exceptions by defendant.    Overruled.

The defendant appealed from a taxation of costs by the clerk of courts and upon hearing the presiding Justice affirmed the "clerk's last taxation as a matter of law," allowing costs to the plaintiff in the sum of $86.33.    To this ruling the defendant excepted.

The case is stated in the opinion.

*Frank W. Butler, and Newell & Skelton,* for plaintiff.

*George C. Wing,* pro se.

SITTING:    EMERY, C. J., WHITEHOUSE, SPEAR, KING, BIRD, JJ.

SPEAR, J.    The presiding Justice who ruled states this case as follows:    "This is an appeal from a taxation of costs by the clerk. The history of the case is as follows:    Mr. Wing brought an action against Mr. Knowlton for a breach of warranty in the sale of a horse, by Knowlton to Wing.    The writ was served personally upon Mr. Knowlton.    He employed counsel to defend.    The writ was entered at the September term of the S. J. Court for Androscoggin

County. No appearance was made for Mr. Knowlton, and he was defaulted. Hearing in damages was ordered to be heard by the clerk. The clerk heard Mr. Wing and his witnesses and assessed damages in the sum of $90. Judgment was entered for Mr. Wing for $90 debt or damage, and $14.31, cost of court. Execution therefor issued, but has not been paid.

"Afterwards, Mr. Knowlton filed a petition for review, and a supersedeas was issued. The petition was served and entered at the January 1910 term of court. Mr. Wing appeared, a hearing was had, and a review granted. The writ of review was entered at the April 1910 term of court, and a trial thereon was heard at the following September term, before a jury. The jury found for Mr. Wing that there was a breach of warranty, and assessed his damages at $83.09.

"During the term, Mr. Wing asked the clerk to tax his costs, which was done to Mr. Wing's satisfaction, giving him full costs as the prevailing party. A copy was sent to Mr. Knowlton's attorney, who, by letter, called the clerk's attention to R. S., chap. 91, section 12, and to several decided cases. Thereupon the clerk revised his taxation, giving Mr. Knowlton full costs in the writ of review, including witness fees at the trial. Mr. Wing appealed in writing. He claims that Mr. Knowlton has not complied with Rule 31, and that he is entitled to have the original taxation in his favor stand. He also claims that R. S., chap. 91, section 12, is not controlling, and further, that if Knowlton is entitled to costs on review, he is entitled to only quarter costs. No question is raised as to items. I affirm the clerk's last taxation as a matter of law."

The case comes up on exceptions to this finding. The defendant in his argument raises but a single objection to the ruling of the presiding Justice in sustaining the taxation of cost by the clerk, which is found in his contention "that a fair interpretation of the statutes and the decisions in this state is, that when an action for review comes to judgment, it is by order of the court and that he has control of costs when ordering judgment, and that it is not a matter of law, but a matter of discretion of the court ordering judgment and that it should be considered by the judge

whether such party ought in justice to have costs, etc." This contention is based upon the language of R. S., chapter 91, section 15, which provides: "But the court granting a review may impose terms respecting costs." It is claimed that the phrase, " 'the court' has the broad meaning of the entire Supreme Judicial Court or any member thereof who orders the judgment in the matter of review." We think, however, that the statute must be construed to mean precisely what it says and cannot be held to define "the court" in a jurisdictional sense, but "the court" adjudicating the particular act of "granting a review," which involves an entirely different judicial determination from that of entering a judgment in review. When a review is granted a writ is issued and must be entered in court, and attested copies of the former proceedings must be produced. It is only after these proceedings that the case is in order for trial and subsequent judgment. It is therefore apparent that "the granting a review" is the initial step in the various proceedings ending in a judgment and that this step is the point at which the court may impose terms respecting costs. But no terms were imposed in this case, consequently section 15 does not apply.

The question of costs upon judgment is then determined by section 12 alone, which provides: "When the sum first recovered is reduced, the original defendant shall have judgment for the difference with costs on review." This statute applies directly to this case and seems to be conclusive of it. It is evident, therefore, that the plaintiff in review was entitled to his costs as a matter of law and not as a matter of discretion. In other words, in the absence of any imposition of terms respecting costs under section 15, section 12 becomes imperative as a matter of law upon this question.

This conclusion is fully sustained in *Williams* v. *Hodge*, 11 Metcalf, 266, in which the facts are on all fours with those in the case at bar, and the statute under consideration is identical in meaning. The Massachusetts statute reads: "If any sum is recovered by the plaintiff in the original suit for the debt or damage and that sum is reduced on review, the original defendant shall have judgment and execution for the difference with costs." There was

also a provision similar to section 15 of our statute authorizing the court to impose on the petitioner for review, when granting his petition, "such terms as to costs as they shall think reasonable." The court in construing these statutes, discussing the provision relating to discretionary power first, say : The defendant in review insists that the court may now exercise this power and withhold the allowance of costs to the plaintiff in review. We have considered this point, and are of opinion that the authority to impose terms as to costs must be exercised at the time of granting review, and not after verdict in the action of review. The provisions of the statutes requiring us to allow costs to the plaintiff in review when the sum recovered in the original suit is reduced on the review, seem, therefore, to leave no discretion in the court in a case like the present." As the court, upon the hearing for review, is apprised of all the facts upon which a review may or may not be granted, and upon which costs should be allowed or denied, it would seem to have been the necessary intention of the legislature in enacting section 15 to limit the discretion of the court respecting terms of costs to the time of granting the review, thereby informing both parties in advance of their situation upon this question.

It was only necessary for either party at the proper time to have called attention to section 15 to have prevented any possible error in the case at bar and to have secured all the protection the statute was intended to afford.

*Exceptions overruled.*
*Judgment below affirmed with additional costs.*